UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEANETTE MCKEE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 207 CDP |
| | ) | |
| MICHAEL REUTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

The three plaintiffs in this case, Jeanette McKee, Susan Hickman and Sharon Rebecca Hickman (referred to as "Beckie") are present or past Deputy Clerk employees of the Circuit Court of Jefferson County. Defendant Michael Reuter is the elected Clerk of Court, who defeated plaintiff McKee in a partisan election in 2014. Plaintiffs Susan and Beckie supported McKee in the election.

Plaintiffs have sued Michael Reuter and others under 42 U.S.C. § 1983. They allege that after Michael Reuter won the 2014 election, he and the other individual defendants conspired to force plaintiffs out of their jobs because of their political affiliations and because of issues they raised during the election. McKee ultimately resigned, but alleges that she was constructively discharged. In addition to suing Michael Reuter, McKee has sued Michael's wife Renee Reuter, who is a member of the Jefferson County Council; Christy Scrivner, who Michael Reuter appointed to

replace McKee as Chief Deputy Clerk; and Jefferson County. Plaintiff Susan Hickman also alleges that she was constructively discharged and has sued the same defendants. Plaintiff Beckie Hickman is still employed by Jefferson County, but is on extended medical leave. She has sued the same three individual defendants and Jefferson County, but has also sued her supervisor, Teresa Cusick.[1]

Now pending before me are motions to dismiss filed by all defendants except Michael Reuter. Defendant Jefferson County seeks dismissal of all claims, arguing that none of the individual defendants had policy-making authority for the County, and therefore plaintiffs have not sufficiently alleged the actions were taken according to any County policy as required to impose municipal liability. Defendant Renee Reuter argues that she was not acting under color of state law and that plaintiffs have not sufficiently alleged that she conspired with her husband to take the allegedly unlawful actions. Defendant Scrivner argues that plaintiffs have not alleged anything that could show she violated their constitutional rights: she had no authority over their employment and made none of the decisions that affected their positions. She argues that the bare assertion that she acted in concert with the other defendants is insufficient to state a claim for conspiracy to violate plaintiffs' constitutional rights. Finally, defendant Cusick alleges that plaintiff Beckie Hickman's allegations that

---

[1] Plaintiff McKee originally also sued Cusick, but voluntarily dismissed that claim on July 25, 2016.

2

Cusick gave her negative performance reviews and excluded her from meetings are insufficient to show any violation of her constitutional rights.

Plaintiffs' First Amended Complaint contains no factual allegations that the individual defendants had any final decision-making authority over Jefferson County policy. Plaintiffs also fail to plead facts demonstrating that defendant Renee Reuter was acting in the performance of her official duties when she allegedly urged her husband to take action against plaintiffs. Nor are the facts alleged sufficient to show a meeting of the minds or mutual understanding between Renee and Michael Reuter, as required for a conspiracy claim. However, I do find that plaintiffs have pleaded sufficient facts to survive dismissal of their claims against defendants Christy Scrivner and Teresa Cusick. It can be construed from the allegations that Chief Deputy Clerk Scrivner participated in employment decisions concerning the Deputy Clerk plaintiffs. Similarly, Beckie's allegation that traffic supervisor Cusick completed false performance reports about her is enough to survive dismissal. Therefore, I will grant the motions to dismiss filed by defendants Jefferson County and Renee Reuter; I will deny the motions to dismiss filed by defendants Christy Scrivner and Teresa Cusick.

## I. Motion to Dismiss Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

Rule 8(a)(2), Fed. R. Civ. P., provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570.

## II. Municipal Liability: Defendant Jefferson County

A municipality or local government may be sued directly under § 1983 when that local government implements an unconstitutional policy or custom. *Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 690-91 (1978). In *Monell*, the Supreme Court of the United States held that municipalities may be liable under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement,

ordinance, regulation, or decision officially adopted and promulgated" by the municipality. 436 U.S. at 690. It is when an employee acts "under color of some official policy" and violates another's constitutional rights, that the government is liable. *Id.* at 692. An official policy involves "a deliberate choice to follow a course of action made from among various alternatives by an official who is determined by state law to have the final authority to establish governmental policy." *Ware v. Jackson City., Mo.*, 150 F.3d 873, 880 (8th Cir. 1998) (internal quotation marks omitted) (citing *Jane Doe A v. Special Sch. Dist.*, 901 F.2d 642, 645 (8th Cir. 1990)).

A municipality may not be sued under § 1983 for injuries inflicted solely by its employees or agents. *Monell*, 436 U.S. at 690-91. The 'official policy' requirement was "intended to distinguish acts of the *municipality* from acts of *employees* of the municipality," thereby limiting what actions the municipality is responsible. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (plurality opinion). Liability attaches only where the decision-maker possessed final authority to establish municipal policy. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988); *Pembaur*, 475 U.S. at 480.

As to defendant Jefferson County, plaintiffs' First Amended Complaint states:

15.  Defendant, Jefferson County, acting through its Officers Renee Reuter and Michael Reuter established and enforced a policy of disciplining, demoting and firing Plaintiffs, as Deputy Circuit Court Clerks for Jefferson County, because of their political affiliation and political activity … They established and implemented a

Jefferson County Policy and Practice of attempting to force the resignations of Plaintiffs and other Democrats by making their working conditions intolerable, thereby causing injury and damages to Plaintiffs.

…

55. At all times relevant, Michael Reuter, Renee Reuter, Scrivner, Cusick, and Jefferson County acted in concert pursuant to a common scheme and design for the purpose of forcing McKee to resign through the above-described onerous, abusive and intolerable working conditions imposed on McKee because of her political affiliation and activities.

…

59. At all times relevant Michael Reuter, Renee Reuter, Scrivner, Cusick and Jefferson County were acting under color of state law and were acting in concert.

First Am. Compl. ¶ 15, 55, 59, ECF No. 29 (underlining omitted).[2]

In seeking dismissal, defendant Jefferson County argues that none of the individual defendants in this case are policymakers for the County, and therefore plaintiffs fail to state a claim against it. Plaintiffs state that Michael and Renee Reuter are not just employees, but are officers of Jefferson County: Michael as the Clerk of the Circuit Court in Jefferson County and Renee as the chairperson of the Jefferson County Council. Plaintiffs argue that the Reuters' conduct as officers established Jefferson County's policy, and that they were decision-makers with final authority over plaintiffs' employment. However, I note that nowhere does the First Amended Complaint name the Reuters as final policymakers for Jefferson County.

---

[2] Similarly worded allegations concerning plaintiff Susan Hickman against Jefferson County can be found in paragraphs 70, 74 and 78, and concerning plaintiff Beckie Hickman against Jefferson County in paragraphs 100, 102, and 105 of the First Amended Complaint.

The Supreme Court has held that in order to survive a motion to dismiss, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Considering this pleading standard, in order to state a viable § 1983 claim against Jefferson County, plaintiffs are required to plead facts sufficient to show at least an inference that their constitutional rights were violated as a result of action taken by a final decision-maker, resulting from a delegation of authority, under an official policy. See *Pembaur*, 475 U.S. at 482-83. Assuming plaintiffs have pleaded a constitutional violation by individual defendants, they have pleaded no facts that would demonstrate the existence of a delegation of authority from the County to defendants, as to a policy of disciplining, demoting and firing, or attempting to force the resignation of employees based on their political affiliation or activity. Plaintiffs have only alleged actions of non-policymaking employees with no final authority. These are actions of employees of the municipality, not the municipality itself. Whether an official possessed final authority is a question of state law, but plaintiffs have not even alleged sufficient facts to state a claim for relief on its face that these individual defendants had final policymaking authority. *Id.* at 483. Because of this insufficiency of the factual pleadings, I will grant defendant Jefferson County's motion to dismiss.

## III. Individual Liability

For a public employee, §1983 "imposes liability for certain actions taken 'under color of' law that deprive a person 'of a right secured by the Constitution and laws of the United States.' " *Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 931 (1982)). "[A] public employee acts under color of law when he 'exercises[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " *Id.* (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). The defendant must be acting or purporting to act "in the performance of official duties." *Id.*

For a private party, § 1983 imposes liability when the defendant "is a willful participant in joint action with the State or its agents." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)). Applying this test in the context of allegations necessary to survive a motion to dismiss, the Eighth Circuit has held that a plaintiff seeking to hold a private party liable under § 1983 must allege that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor. *Mershon*, 994 F.2d at 451 (citing *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983); *Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991); *Deck v. Leftridge*, 771 F.2d 1168, 1170

8

(8th Cir. 1985); and *White v. Walsh*, 649 F.2d 560, 562 (8th Cir. 1981)).  At a minimum, plaintiffs must allege that "the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding," and provide some facts "suggesting such a 'meeting of the minds.' "  *Smith*, 699 F.2d at 436.

A complaint setting forth only vague, conclusory, or general allegations that the defendants engaged in a conspiracy cannot withstand a Rule 12(b)(6) motion to dismiss. *See Gometz v. Culwell*, 850 F.2d 461, 464 (8th Cir. 1988).  A plaintiff must allege with "sufficient particularity" and demonstrate with "specific material facts" that the parties reached some agreement and conspired together to deprive plaintiff of a federal right.  *Id.* (quoting *Chicarelli v. Plymouth Garden Apartments*, 551 F. Supp. 532, 539 (E.D. Pa. 1982)).

A. **Defendant Renee Reuter**

Accepting as true the factual allegations of the First Amended Complaint, County Council member Renee Reuter "persuaded" and gave "advice and instructions" to her husband Michael Reuter as part of a conspiracy with him and other defendants, to "discipline, demote and fire the Plaintiffs."  First Am. Compl. ¶ 19, 54.  The only specific face-to-face interaction alleged between Renee Reuter and any plaintiff is McKee's allegation that Renee Reuter was present in Michael's office

9

on January 2, 2015, when he stripped McKee of her supervisory position as Unit Manager and Chief Deputy Clerk.[3]

Defendant Renee Reuter seeks dismissal of the claims against her, arguing that plaintiffs fail to plead sufficient facts to show either that she was acting under color of state law or that she was conspiring against them. In their opposition to dismissal, plaintiffs state that the County Council is responsible for approving payment of all operating expenses for the office of the Clerk of Court. They suggest that this link between the Council and the clerk's office qualifies any actions taken by Renee as a Council member to be an action under color of state law as relates to the clerk's office. They also argue that Renee is liable because she conspired and acted in concert with her husband Michael Reuter, a public official.

Although plaintiffs state that Renee Reuter, along with the other defendants, acted "under color of state law" and "in concert," there are no factual allegations to support these bare allegations. First Am. Compl. ¶ 59, 78, 105. The only power Renee Reuter possessed by virtue of state law was in her capacity as chairperson of the County Council. However, the First Amended Complaint contains no allegations that Renee Reuter was acting in her official capacity as chairperson when she visited

---

[3] The only other mentions of Renee Reuter in the First Amended Complaint are in regards to her providing her husband with the name of an attorney colleague who he brought in to decide McKee's appeal of a reprimand. That colleague decided in McKee's favor. Susan Hickman also alleged that the new dress code at the clerk's office was established by Michael Reuter at the request of Renee Reuter.

her husband at work or offered him advice. There is no relationship between Renee's conduct towards plaintiffs and her position on County Council. See *Magee*, 747 F.3d at 535 (holding plaintiff plead insufficient facts of defendant acting under color of state law when nothing in the complaint indicated defendant's actions were made possible by, or undertaken in, his official position). Renee Reuter and Michael Reuter are married. Her presence in his office and the giving of advice between spouses is personal in nature, and any action of an official in "the ambit of their personal pursuits" are excluded from liability under § 1983. *Id.* (quoting *Screws v. United States*, 325 U.S. 91, 111 (1945)).

As to plaintiffs' allegations against Renee Reuter as a private actor, they have provided no specific material facts that suggest a mutual understanding or meeting of the minds between Renee and Michael as to plaintiffs' employment. Renee's presence at one meeting with Michael and McKee is not enough to rise to the level of conspiracy. Plaintiffs have not met the particularity requirement for conspiracy pleadings. *See Gometz*, 850 F.2d at 464.

Because none of the factual allegations suggest that Renee Reuter was acting or purporting to act in her official capacity under color of state law, and the allegations are insufficient to rise to a conspiracy, I will grant Renee's motion to dismiss.

### B. **Defendant Christy Scrivner**

Michael Reuter appointed Christy Scrivner to replace McKee as Chief Deputy Clerk of the Court on January 2, 2015. Plaintiffs allege that Scrivner's appointment was in exchange for her assistance in making working conditions intolerable for them by assigning them to menial and humiliating tasks; publicly chastising them; and denying them use of telephones, desk space, and computers. After several months in her demoted position of Deputy Clerk, McKee was terminated in April 2015. She appealed the termination to a three-judge panel, before which Scrivner testified against her. That panel ruled to reinstate McKee. Upon returning to the clerk's office, McKee had a meeting with Michael Reuter and Scrivner. At that meeting, McKee was assigned to the traffic department – a transfer that she considered to be a demotion. Around the time Scrivner was appointed, Susan Hickman and Scrivner had a confrontation in Scrivner's office where Scrivner put her finger in Susan's face and told Susan to train her to perform McKee's old job.

Scrivner argues that the claims against her should be dismissed because she made none of the decisions that affected plaintiffs' employment as deputy clerks, and that plaintiffs' First Amended Complaint does not state that she had the authority to terminate or otherwise affect the status of plaintiffs' employment with the clerk's office. Scrivner's Mot. Dismiss 3-4, ECF No. 44. Plaintiffs respond that Scrivner

worked in concert with Michael Reuter as part of a conspiracy to coerce their resignation through onerous working conditions.

Under Rule 12(b)(6), I must construe all factual allegations of the complaint in favor of the plaintiffs. After her appointment, Scrivner was a public employee with the title 'Chief Deputy Clerk.' It is reasonable to construe that the 'Chief Deputy Clerk' held supervisory duties over plaintiffs who served as 'Deputy Clerks.' McKee was stripped of her supervisory duties, demoted, excluded from clerks meetings, issued a reprimand, reassigned to a different office, fired, and then eventually reinstated. Susan lost her private office, lost her supervisory duties, and was moved to five different positions in one week. Beckie had false performance reports completed about her, was moved around between departments, was terminated, and was eventually reinstated. Most of the plaintiffs' factual allegations concerning constructive termination mention Michael as the decision-maker in their demotion, firing, and multiple duty changes, and the allegations are somewhat vague as to Scrivner. However, the First Amended Complaint does not state, as Scrivner argues, that she had no authority over plaintiffs in terms of termination or employment status. A supervisor is inherently involved in and possesses power over employment decisions concerning her employees.

Scrivner was a public employee performing her official duties when she testified against McKee concerning job reinstatement, participated in meetings where duty reassignments were determined, and confronted clerks with newly-assigned tasks. Although the allegations concerning plaintiffs' job position and status changes do not always specifically name Scrivner, construing the nature of the relationship between Scrivner and plaintiffs in the light most favorable to plaintiffs, I find that their allegations withstand a motion to dismiss. I will deny defendant Christy Scrivner's motion.

C. **Defendant Teresa Cusick**

Only Beckie Hickman's claims in Count III of the First Amended Complaint remain as to defendant Teresa Cusick. Michael Reuter transferred Beckie to the traffic department in June 2015, where she received negative performance reviews from supervisor Cusick. Beckie alleges that these reviews were false and were prepared at the request of Michael Reuter for the purpose of terminating Beckie's employment. Cusick also restricted Beckie's office and cell phone use, acted hostile towards her, made demeaning comments to her, excluded her from meetings, and gave her a 'Notice of Corrective Action.' Beckie was terminated in October 2015, but she won her appeal and was eventually reinstated. She is currently on medical leave from the clerk's office.

Cusick asserts that none of Beckie's allegations amount to a deprivation of constitutional rights and therefore the claim against her should be dismissed. Cusick admits she had authority over Beckie as her supervisor, but argues that she was only doing her job as she was told to do it. She also argues that Beckie has pleaded no overt acts or specific material facts that would constitute a conspiracy.

Despite Cusick's argument otherwise, Beckie does not merely allege that Cusick completed negative performance reports about her. She alleges that the reports were false and completed at the request of Michael Reuter. I find that these allegations are clearly sufficient to withstand a motion to dismiss. A direct supervisor completing false evaluation reports on an employee based on her political associations or affiliation states a claim under § 1983. Cusick was a public employee acting within her official duties when she completed false performance evaluations at the request of her own supervisor. Defendant Teresa Cusick's motion will be denied.

## IV. Conclusion

The First Amended Complaint does not allege sufficient facts as to any individual defendant having final decision-making authority over policy for defendant Jefferson County, and therefore there is no basis for municipal liability under § 1983. Plaintiffs also fail to plead any facts suggesting Renee Reuter's actions towards them were taken in her official capacity as a public employee under color of

15

state law. Nor are there sufficient factual allegations plead with particularity to rise to the level of conspiracy between Renee and Michael Reuter. However, the factual allegations are sufficient to withstand dismissal in terms of supervisors Scrivner and Cusick, and their positions of power over employment decisions involving plaintiffs. Although the factual pleadings as to Scrivner are sparse, I must construe the First Amended Complaint in a light most favorable to plaintiffs. Given this standard, I find that the supervisory role Scrivner held over plaintiffs suggests an involvement in employment decisions concerning them. As Beckie's direct supervisor, defendant Cusick completed false, negative reports on her performance. This is enough to survive a motion to dismiss. Therefore, I will dismiss the claims against defendants Jefferson County and Renee Reuter. The claims against Michael Reuter, Christy Scrivner, and Teresa Cusick remain pending in this case.

Based on the foregoing,

**IT IS HEREBY ORDERED** that defendant Jefferson County's motion to dismiss [35] is granted.

**IT IS FURTHER ORDERED** that defendant Renee Reuter's motion to dismiss [36] is granted.

**IT IS FURTHER ORDERED** that defendant Teresa Cusick's motion to dismiss [43] is denied.

**IT IS FINALLY ORDERED** that defendant Christy Scrivner's motion to dismiss [44] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of November, 2016.